IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| THERESA L. RODRIGUEZ, et al., | ) |
| Plaintiffs, | ) Case No. 4:22-cv-00072-SHL-HCA |
| v. | ) |
| HY-VEE, INC., et al., | ) |
| Defendants. | ) |

**STIPULATION AND [PROPOSED] ORDER REGARDING CLASS CERTIFICATION**

Counsel for Plaintiffs Theresa L. Rodriguez, Zachary M. Shank, Michael P. Mansberger, Heidi L. Detra, and Tim Campbell ("Plaintiffs") and Defendants Hy-Vee, Inc. ("Hy-Vee"), The Board of Directors of Hy-Vee, Inc. ("Board"), and the Hy-Vee and Affiliates 401(k) Plan Investment Committee ("Committee") (collectively, the "Parties") hereby respectfully submit this Stipulation and Proposed Order Regarding Class Certification ("Stipulation"):

WHEREAS, Plaintiffs filed their Class Action Complaint (ECF No. 1, the "Complaint") on March 1, 2022 on behalf of the Hy-Vee and Affiliates 401(k) Plan (the "Plan") and a proposed class of participants and beneficiaries of the Plan (the "Class," as defined below in Paragraph 1);

WHEREAS, the Court granted in part and denied in part Defendants' motion to dismiss the Complaint on October 21, 2022 (ECF No. 46) (the "MTD Ruling"); and

WHEREAS, the Parties have met and conferred regarding streamlining the litigation for purposes of the efficient management of the litigation.

1

THE PARTIES HEREBY STIPULATE AND AGREE, SUBJECT TO THE COURT'S APPROVAL, AS FOLLOWS:

1. The following Class shall be certified to pursue the remaining claims set forth in the Complaint, as described in more detail in Paragraph 2 below:

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between March 1, 2016 through the date of judgment (the "Class Period").

2. The claims that will be litigated on a class-wide basis (the "Class Claims"), as informed by the Court's MTD Ruling, are as follows: (a) Plaintiffs' claim against Defendants on behalf of the Plan for breach of ERISA's duty of prudence, 29 U.S.C. § 1104(a)(1), with respect to Defendants' alleged failure to follow a prudent process to administer and monitor the Plan's recordkeeping fees (Complaint Count I), and Defendants' defenses to such claim; (b) Plaintiffs' claims on behalf of the Plan against Defendants for liability for excessive recordkeeping fees for the alleged fiduciary breaches of their co-fiduciaries relating to monitoring the Plan's recordkeeping fees under 29 U.S.C. § 1105(a) (Complaint Count I), and Defendants' defenses to such claims; and (c) Plaintiffs' claims on behalf of the Plan against Hy-Vee and the Board for excessive recordkeeping fees for failing to monitor the performance and processes of its appointees relating to monitoring the Plan's recordkeeping fees (Complaint Count II), and Defendants' defenses to such claim.

3. The Class is numerous, based on the reported number of Plan participants with account balances as of each of the following Plan years, as set forth in the Plan's Form 5500s:

2016:   49,422

2017:   49,368

2018:   52,024

2019: 52,543

2020: 55,390.

4. There are common issues related to the Class Claims, including: (a) whether Defendants breached their duty of prudence under 29 U.S.C. § 1104(a)(1) with respect to the Plan's recordkeeping fees; (b) whether Defendants are subject to co-fiduciary liability under 29 U.S.C. § 1105(a); (c) whether Hy-Vee and the Board adequately monitored their fiduciary appointees with respect to the Plan's recordkeeping fees; and (d) the relief for excessive recordkeeping fees, if any, that may be appropriate on the Class Claims.

5. Plaintiffs are typical of other Class members with respect to the Class Claims, as they participated in the Plan during the Class Period and were subject to the same Plan recordkeeping fees as other Class members.

6. Plaintiffs are adequate to represent the Class and have no known conflicts with any Class members with respect to the Class Claims. In addition, Plaintiffs have retained competent and experienced counsel, Capozzi Adler, P.C., on behalf of the Class. Neither Plaintiffs nor their counsel have any interests that might cause them to refrain from vigorously pursuing the Class Claims in this action.

7. Certification of the Class Claims is appropriate under Federal Rule of Civil Procedure 23(b)(1)(A) because prosecuting separate actions regarding the Class Claims against Defendants would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendants regarding the Plan's recordkeeping fees.

8. Certification of the Class Claims is also appropriate under Federal Rule of Civil Procedure 23(b)(1)(B) because adjudications regarding the Class Claims as to individual Class

members, as a practical matter, would be dispositive of the interests of the other persons not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests relating to those issues.

9. Because the Class Claims will be certified as a "mandatory" or "non-opt-out" class under Federal Rule of Civil Procedure 23(b)(1), no notice to the Class is required at this juncture upon certification. *See Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 841 n.19 (1999) ("Rule 23. . . specifies no notice requirement for subdivision (b)(1)(B) actions beyond that required by subdivision (e) for settlement purposes."); *Knowlton v. Anheuser-Busch Co.s, LLC*, No. 4:13-CV-210 SNLJ, 2019 WL 2647269, at *3 (E.D. Mo. June 27, 2019) ("Rule 23 provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action.") (citations omitted).

10. Plaintiffs may be appointed Class representatives.

11. Capozzi Adler, P.C. may be appointed Class counsel.

12. This Stipulation is without prejudice to any party's ability to seek relief under Rule 23(c)(1)(C) at any time before final judgment, based on a good-faith belief that, because of changed circumstances or new information, the Class Claims no longer satisfy the requirements of Rule 23(a) or 23(b)(1).

13. This Stipulation is without prejudice to Defendants' ability to challenge Plaintiffs' standing to seek prospective injunctive relief on behalf of the Plan on the basis that Plaintiffs Rodriguez, Shank, Mansberger, and Detra are former participants in the Plan.

IT IS SO STIPULATED.

**IT IS SO ORDERED.**

DATED: _____, 2023.

                                                  _____
Hon. Stephen H. Locher
U.S. District Judge

Dated: April 21, 2023					Respectfully submitted,

| | |
|---|---|
| */s/ Mark K. Gyandoh (with permission)*<br>Mark K. Gyandoh, Esq.<br>Capozzi Adler, P.C.<br>312 Old Lancaster Road<br>Merion Station, PA 19066<br>(610) 890-0200<br>Fax (717) 233-4103<br>markg@capozziadler.com<br><br>Donald R. Reavey, Esq.<br>Capozzi Adler, P.C.<br>2933 North Front Street<br>Harrisburg, PA 17110<br>(717) 233-4101<br>Fax (717) 233-4103<br>donr@capozziadler.com<br><br>Jeanette M. Keller<br>Bowman, DePree & Murphy, LLC<br>4711 N. Brady Street, Suite 22 S<br>Davenport, IA 52806<br>Telephone: (563) 323-6685<br>keller.ic.office@gmail.com<br><br>*Counsel for Plaintiffs* | */s/ Deborah S. Davidson*<br>Deborah S. Davidson (*pro hac vice*)<br>Morgan, Lewis & Bockius LLP<br>110 North Wacker Drive<br>Chicago, IL 60606<br>Telephone: 312. 324.1000<br>Fax: 312.324.1001<br>deborah.davidson@morganlewis.com<br><br>Abbey M. Glenn (*pro hac vice*)<br>Morgan, Lewis & Bockius LLP<br>1111 Pennsylvania Avenue NW<br>Washington, DC 20004<br>Telephone: 202.739.3000<br>Fax: 202.739.3001<br>abbey.glenn@morganlewis.com<br><br>*/s/ Kirk W. Schuler*<br>Kirk W. Schuler, #AT0008844<br>Dorsey & Whitney LLP<br>801 Grand Avenue, Suite 4100<br>Des Moines, IA 50309<br>Telephone: 515.697.3622<br>Fax: 515.598.7833<br>schuler.kirk@dorsey.com<br><br>*Counsel for Defendants Hy-Vee, Inc.,*<br>*The Board of Directors of Hy-Vee,*<br>*Inc., and the Hy-Vee and Affiliates*<br>*401(k) Plan Investment Committee* |